MORRIS HIGGINS, PLAINTIFF IN ERROR, *v.* THE PEOPLE, ETC., DEFENDANTS IN ERROR.

*Indictment — rape — false testimony — effect of when willfully so — virginity — immateriality of.*

On the trial of an indictment for rape, the judge charged the jury that if they believed, from all the evidence, that the complainant was not a virgin, it did not lessen the crime in the slightest degree. *Held,* to be a correct charge.

In case of rape, if the party raped conceal the fact for any considerable time after an opportunity to explain, except from fear, this and like circumstances afford a strong, though not conclusive, presumption that her testimony is feigned.*

It is not true, as a rule of law, that if the complainant has been contradicted by competent and reliable witnesses in any one of the material facts sworn to by her, the jury should discredit her testimony *in every particular.*†

The rule, false in one thing false in all, only applies when the witness wilfully or designedly testifies falsely.

WRIT of error to the Court of General Sessions of the Peace, held in and for the city and county of New York.

*William F. Howe,* for the plaintiff in error.

*B. K. Phelps,* district attorney, for The People.

Opinion by BRADY, J.

DANIELS and WESTBROOK, JJ., concurred.

Judgment affirmed.

* 1 Hale, 633–635; 1 Hawk. C., 41–59; 1 Arch. Cr. Pr. & Pl., 169, 7th ed.
† Wilkins v. Earle, 44 N. Y., 172.